**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalio Delgado Beltran, | No. CIV 13-014-TUC-LAB |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is the petitioner's motion to conduct Rule 6(a) discovery filed on April 25, 2013. (Doc. 8)

The petitioner, Rosalio Delgado Beltran, filed in this court a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 2, 2012. He moves for permission to conduct discovery pursuant to Rule 6(a) of the Rules Governing § 2254 cases.

Unlike a party to an ordinary civil action, a habeas petitioner is not entitled to discovery as a matter of course. Rule 6(a) of the Rules Governing § 2254 cases permits discovery "only in the discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir.1999). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793 (1997).

In the pending motion, Beltran asks permission to conduct discovery "related and concerning his arrest and charges." (Doc. 8, p. 1) A court considering a habeas corpus petition,

however, is ordinarily limited to the record that was before the state court when the petitioner's original claims were denied. *See Cullen v. Pinholster*, __U.S. __ , 131 S.Ct. 1388 (2011). Accordingly, it does not appear at this time that additional discovery would increase Beltran's entitlement to relief. If it later appears that discovery is necessary to the adjudication of the petition, the court will order it at that time.

IT IS ORDERED that the petitioner's motion to conduct Rule 6(a) discovery filed on April 25, 2013 is DENIED. (Doc. 8)

DATED this 4th day of December, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge