**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalio Delgado Beltran, | No. CIV 13-014-TUC-LAB |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on July 2, 2012, by Rosalio Delgado Beltran, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

Also pending is a motion for an evidentiary hearing, filed by the petitioner on June 25, 2013. (Doc. 22)

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 12)

The petition and motion will be denied. Beltran's claim that he was denied his Sixth Amendment right to counsel when he was asked to submit to a blood alcohol test is not cognizable in habeas corpus. His remaining claims are procedurally defaulted.

//

//

Summary of the Case

Beltran was found guilty after a jury trial "of two counts of aggravated driving under the influence [DUI] and three counts of endangerment after he hit another vehicle from behind with his truck." (Doc. 19-1, p. 43) The trial court sentenced Beltran to "ten-year prison terms on the DUI convictions and to time served for the endangerment counts." *Id*.

On direct appeal, Beltran argued the trial court erred when it denied his motion to suppress the results of the blood alcohol test because the arresting officer interfered with his right to counsel. (Doc. 19-1, p. 43) The Arizona Court of Appeals affirmed his convictions and sentences on February 29, 2012. (Doc. 19-1, p. 42) The Arizona Supreme Court denied review on May 23, 2012. (Doc. 19-1, p. 48)

Previously, on June 14, 2011, Beltran filed notice of post-conviction relief. (Doc. 19-1, p. 58) The trial court stayed the proceedings until the court of appeals issued its mandate. (Doc. 19-1, 60) When counsel informed the court that he had reviewed the record and could find no colorable claims to raise, the trial court gave Beltran a deadline of February 11, 2013 to file a petition pro se. (Doc. 19-1, pp. 63-66) Beltran did not file a timely petition, and the trial court dismissed the notice of post-conviction relief on March 4, 2013. (Doc. 19-1, p. 69)

Previously, on August 1, 2011, Beltran delivered to the Arizona Court of Appeals a document entitled Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 19-2, p. 2) The court of appeals transferred the petition to the Pima County Superior Court. *Id*. That court did not issue a ruling. A copy of the petition was also delivered to the Arizona Supreme Court. That court dismissed the petition on October 21, 2011. (Doc. 19-2, p. 14)

On November 18, 2011, Beltran filed with the Arizona Court of Appeals a Petition for Special Action. (Doc. 19-3, p. 2) On November 21, 2011, that court ordered him to file a copy of the ruling being challenged by the special action. (Doc. 19-3, p. 37) On January 11, 2012, the Arizona Court of Appeals declined to accept jurisdiction. (Doc. 19-3, p. 39) On March 22, 2012, the Arizona Supreme Court denied Beltran's petition for review. (Doc. 19-3, p. 42)

On July 2, 2012, Beltran filed in this court the pending petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1)  Beltran raises four grounds for relief:

> (1) He was denied the right to counsel in violation of the Sixth and Fourteenth Amendments when he was asked to submit to a blood alcohol test. The trial judge deciding the issue was not fair, and counsel's handling of the issue was ineffective.
>
> (2) His Fourteenth Amendment due process rights were violated and he was denied his Sixth Amendment right to compulsory process and to confront witnesses when the trial court denied him the opportunity to introduce evidence that he was injured in his holding cell when a piece of the ceiling fell on his head and the officers failed to promptly pursue the case after his discharge from the hospital.
>
> (3) Trial counsel was ineffective for failing to present the testimony of alibi witnesses; and
>
> (4) His prior felony conviction should not have qualified as a historic prior pursuant to A.R.S. § 13-604.

(Doc. 1)

In their answer filed on June 20, 2013, the respondents argue all of Beltran's claims are procedurally defaulted except for the right to counsel claim he raised in his direct appeal. (Doc. 19)  Beltran filed a reply on July 12, 2013 in which he argues he exhausted all of his issues himself because appellate counsel failed to do so. (Doc. 24)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

- 3 -

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied,* 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer,* 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the

- 4 -

federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

Discussion: Right to Counsel

Beltran argues the trial court should have granted his motion to suppress because the arresting officer interfered with his Sixth Amendment right to counsel. (Doc. 1, p. 12) He asserts this claim was exhausted in his direct appeal. *Id*.

When his vehicle caused a rear-end collision, Beltran was arrested on suspicion of DUI and transported to the police station. (Doc. 19-1, pp. 43-44) When the arresting officer asked Beltran if he would consent to a blood alcohol test, Beltran asked to contact counsel. *Id*. The arresting officer attempted to telephone Beltran's counsel, but he was unsuccessful. *Id*. Beltran argues the arresting officer interfered with his Sixth Amendment right to counsel. This claim, however, is not cognizable in federal habeas corpus.

Where "the petitioner is in custody pursuant to the judgment of a state court," habeas corpus relief is not available unless the petitioner can establish a violation of "clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Supreme Court, however, has never held that the Sixth Amendment right to counsel attaches after arrest but prior to submitting to a blood alcohol test. *See Nyflot v. Minnesota Comm'r of Public Safety*, 474 U.S. 1027, 106 S.Ct. 586 (1985); *Kanikaynar v. Sisneros*, 190 F.3d 1115, 1118 (10th Cir. 1999); *McVeigh v. Smith*, 872 F.2d 725, 728 (6th Cir. 1989). Accordingly, this claim is not cognizable.

Beltran further argues the trial judge deciding the issue was not fair and counsel's handling of the issue was ineffective, but because there was no underlying Sixth Amendment violation, these ancillary claims also must fail. In the alternative, the court finds that the decision of the state court was not unreasonable.

When Beltran asked to contact counsel prior to submitting to a blood alcohol test, the arresting officer tried to contact Beltran's counsel by telephone. (Doc. 19-1, pp. 43-44) When the attorney did not answer, the officer tried to contact alternate counsel using the phone book. *Id*. The officer, however, was not successful. *Id*. Eventually, the officer decided to obtain a warrant and draw a blood sample without the presence of counsel. *Id*.

The Arizona Court of Appeals concluded that the arresting officer's actions were not unreasonable and therefore did not interfere with Beltran's right to counsel. (Doc. 19-1, pp. 44-45)  The decision of the state court denying the claim was not unreasonable.

Beltran disagrees with the state court's findings of fact.  He argues that the arresting officer's failure to contact counsel must have been the result of negligence or possibly malice.  He suggests, for example, that the telephone book used by the arresting officer might have been out-of-date.  This court, however, must presume that the factual findings of the state court are correct absent clear and convincing evidence to the contrary.  28 U.S.C.A. § 2254 (e)(1).  Beltran's unsupported allegations are not sufficient to overcome this presumption.

Discussion: Evidence of His Hospitalization

In Claim 2, Beltran argues he was denied his Fourteenth Amendment due process rights and his Sixth Amendment rights to compulsory process and to confront witnesses when the trial court denied him the opportunity to introduce evidence that he was injured in his holding cell when a piece of the ceiling fell on his head.  (Doc. 1, p. 19)  He also maintains the officers failed to pursue the case promptly after his discharge from the hospital.  *Id*.  The respondents argue this claim is procedurally defaulted.  The court agrees.

Beltran asserts this claim was properly exhausted in his petition for special action.  (Doc. 1, p. 19)  It was not.  Proper exhaustion requires raising the claim in a procedurally appropriate manner that guarantees it will receive the proper review.  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Raising a claim "in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation" and does not constitute proper exhaustion.  *Id*.

Special action review is not mandatory; it is discretionary.  *State ex rel. Romley v. Superior Court*, 198 Ariz. 164, 166-67, 7 P.3d 970, 972-3 (App. 2000).  A special action petition, therefore, is not a proper vehicle for exhausting a federal habeas claim.  *McKinney v. Ryan*, 2009 WL 2432738, 16 (D.Ariz. 2009).

Claim 2 was raised only in Beltran's special action petition. Accordingly, it was not properly exhausted. Beltran cannot return to state court and litigate the issue now because he is precluded from raising it in a new Rule 32 petition. Ariz.R.Crim.P. 32.2. His claim is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

A procedure default may be excused if the petitioner shows cause for the default and actual prejudice. Here, Beltran argues in his reply brief that his failure to raise the claim on direct appeal was caused by appellate counsel's ineffectiveness. (Doc. 24, p. 10) Under certain circumstances, appellate counsel's ineffectiveness could constitute cause to excuse a default, but only if that counsel's ineffectiveness was raised as an independent claim before the state court. *Murray v. Carrier*, 477 U.S. 478, 488-489, 106 S.Ct. 2639, 2645 - 2646 (1986) Here, it was not raised as an independent claim. Accordingly, Beltran cannot show cause for his default.

In the alternative, the court finds the claim could be denied on the merits. The evidence Beltran wished to introduce was not relevant to the charges against him, and there is no constitutional right to present irrelevant evidence. *Wood v. State of Alaska*, 957 F.2d 1544, 1549 (9th Cir. 1992)

Discussion: Failure to Present Alibi Testimony

In Claim 3, Beltran argues his trial counsel was ineffective for failing to present alibi testimony. (Doc. 1, p. 24) The respondents argue this claim is procedurally defaulted. The court agrees.

Beltran asserts this claim was properly exhausted in his petition for special action. (Doc. 1, p. 24) As the court explained above, presenting a claim in a special action does not properly exhaust that claim. *McKinney v. Ryan*, 2009 WL 2432738, 16 (D.Ariz. 2009). Accordingly, this claim was not properly exhausted. Beltran cannot return to state court and litigate the issue now because he is precluded from raising it in a new Rule 32 petition. Ariz.R.Crim.P. 32.2. His claim is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Beltran argues in his reply brief that appellate counsel's ineffectiveness constitutes cause for his failure to properly exhaust this claim. (Doc. 24, p. 10) But as the court noted above, appellate counsel's ineffectiveness was not raised as an independent claim and therefore cannot constitute cause to excuse the default. *See Murray v. Carrier*, 477 U.S. 478, 488-489, 106 S.Ct. 2639, 2645 - 2646 (1986).

In the alternative, the court finds this claim could be denied on the merits. In order to successfully bring this type of claim, the petitioner must present specific evidence that the alleged alibi witness actually exists and that the witness would have provided testimony helpful for the defense. Beltran provides only his own unsupported allegations. That is not sufficient. *See, e.g., Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (rejecting a failure-to-call-alibi-witness claim because the petitioner did not provide an affidavit from the alleged witness).

Discussion: Sentencing Error

Beltran argues in Claim 4 that his prior felony conviction should not have qualified as an historic prior pursuant to A.R.S. § 13-604. (Doc. 1, p. 30) The respondents argue this claim is procedurally defaulted. The court agrees.

Beltran asserts this claim was properly exhausted in his special action petition and in his habeas petition filed in the state court below. (Doc. 1, p. 30) It was not. Neither a special action petition nor a state habeas petition constitutes a proper vehicle for exhausting a federal habeas claim. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *McKinney v. Ryan*, 2009 WL 2432738, 16 (D.Ariz. 2009). The claim is procedurally defaulted. As the court discussed above, appellate counsel's alleged ineffectiveness does not constitute cause for the default.

In the alternative, the court finds this claim could be denied on the merits. Habeas corpus relief is not available to correct errors of state sentencing law absent a showing of fundamental unfairness. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). And, it was not fundamentally unfair to enhance Beltran's sentence based on his two prior DUI convictions. (Doc. 19-1, pp. 11-13)

The petition will be denied. Accordingly, the motion for an evidentiary hearing will also be denied. (Doc. 22); *see Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940 (2007) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.").

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Rosalio Delgado Beltran on July 2, 2012, is DENIED.

IT IS FURTHER ORDERED that the motion for an evidentiary hearing, filed by the petitioner on June 25, 2013 is DENIED. (Doc. 22)

IT IS FURTHER ORDERED denying the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 9th day of December, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge